# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 22-cv-03168-NYW-MDB

GENARO R. ROLDAN, and
CLAUDIA S. ROLDAN,

      Plaintiffs,

v.

NEWREZ, LLC,

      Defendant.

## ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell ("Recommendation"), [Doc. 28, filed July 27, 2023], on the Motion to Dismiss ("Motion to Dismiss" or "Motion"), [Doc. 8, filed December 8, 2022], filed by Defendant NewRez, LLC ("Defendant" or "NewRez"). Pro se Plaintiffs Genaro R. Roldan and Claudia S. Roldan ("Plaintiffs") have filed an Objection to the Magistrate Judge's Recommendation ("Objection"), [Doc. 30], to which Defendant has responded ("Response"), [Doc. 31]. In the Recommendation, Judge Dominguez Braswell recommends that the Motion to Dismiss be granted and all claims be dismissed. For the reasons below, the Court respectfully **OVERRULES** the Objection, and **ADOPTS** the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## LEGAL STANDARDS

### I.   Motion to Dismiss

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (omission in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible" (quotation omitted)). The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### II.   Standard of Review

#### A.   Pro Se Litigants

First, the Court notes that Plaintiffs are proceeding pro se. As such, the Court affords their filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). Plaintiffs' pro se status does not exempt them from complying with the procedural and substantive rules that govern all claims. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012)). The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

### B. Magistrate Judge Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## BACKGROUND

The following factual background is derived from the Recommendation and the allegations in the Complaint, [Doc. 5], which are taken as true for purposes of the Motion to Dismiss. In April 2021, Plaintiffs obtained a home loan ("Loan") with nonparty Universal Lending Home Loans ("Universal") and purchased a property in Colorado Springs, Colorado, for $370,000. [*Id.* at ¶¶ 6–7]. Plaintiffs made a $15,000 down payment and made fifteen monthly payments of $2,182. [*Id.* at ¶¶ 8, 11]. In June 2021, Plaintiffs received a letter indicating that servicing rights on the mortgage had been transferred to Defendant NewRez. [*Id.* at ¶ 12]; *see also* [*id.* at 24–25].

3

Plaintiffs filed this action in Colorado state court against NewRez on November 10, 2022. *See* [*id.* at 2]. In their Complaint, Plaintiffs seek the return of the down payment and all monthly payments made to NewRez. [*Id.* at 3]. As Judge Dominguez Braswell notes, however, the Complaint does not "explicitly state any causes of action." [Doc. 28 at 3]; *see generally* [Doc. 5]. Instead, it alleges a series of violations of law in connection with Plaintiffs' relationship with NewRez and the Loan. *See* [Doc. 5 at ¶¶ 8, 13, 15–26]. Based on these allegations, the Parties and Judge Dominguez Braswell treat the Complaint as pursuing four theories: (1) rescission of the Loan, or recovery for violations related to the down payment and disclosure requirements, under the Truth in Lending Act ("TILA"); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) constructive fraud; and (4) claims under Colorado's codification of the Uniform Commercial Code ("UCC"). *See* [Doc. 28 at 6 ("In light of Plaintiffs' *pro se* status, the Court attempts to discern legal claims based on statements and allegations in the Complaint.")]. No Party disputes this framing of the Complaint, either in the briefing on the Motion to Dismiss, *see* [Doc. 8; Doc. 17; Doc. 20], or with respect to the Objection to the Recommendation and Response thereto, *see* [Doc. 30; Doc. 31].

Defendant removed the case to federal court on December 8, 2022, [Doc. 1], and moved to dismiss the Complaint that same day. The Court referred the Motion to Dismiss to Judge Dominguez Braswell, [Doc. 14], who has prepared the instant Recommendation, in which she thoroughly analyzes the issues presented and recommends granting the Motion and dismissing the claims arising under TILA and the FDCPA with prejudice and the claims related to constructive fraud and the UCC without prejudice. *See* [Doc. 28].

4

## ANALYSIS

### I. The Recommendation

In the Recommendation, Judge Dominguez Braswell concludes that all Plaintiffs' claims should be dismissed. First, "to the extent Plaintiffs' claim for monetary damages is based on . . . a purported right" to rescind the Loan under TILA, the Recommendation finds that the claim fails because TILA excludes residential mortgage transactions from its rescission provisions. *See* [*id.* at 6–7]. Any other claims under TILA are barred, in Judge Dominguez Braswell's view, by the statute's one-year limitations period, as the Complaint was filed in state court "more than one year after the credit transaction occurred," as well as more than one year after the assignment of servicing rights to NewRez. *See* [*id.* at 7–9, 9 n.4]. In the alternative, she recommends dismissing any such TILA claims because "[t]he Complaint is completely devoid of any details describing how Plaintiffs' down payment violated TILA or how Defendant provided Plaintiffs with inadequate disclosure in the consummation or assignment of the loan." [*Id.* at 9 n.5].

Next, the Recommendation would dismiss the Complaint, "insofar as it attempts to plead an FDCPA violation," on the ground that NewRez is not a "debt collector," which is required to state a claim under the statute. [*Id.* at 9–11]. Judge Dominguez Braswell explains that the statutory definition of "debt collector" requires that the underlying debt be in default when obtained by the entity in question. *See* [*id.* at 10]. Because "Plaintiffs do not allege, nor is there any indication that, Plaintiffs' loan was in default when it was assigned to Defendant," and because "it would seem illogical to conclude that Plaintiffs were in default at the time of the assignment—less than two weeks after Plaintiffs signed a note for the loan," the Recommendation concludes that Plaintiffs fail to state a claim under the FDCPA. [*Id.* at 11]. Judge Dominguez Braswell recommends that Plaintiffs' claims arising under TILA and the FDCPA be dismissed with prejudice. [*Id.* at 14].

5

The Recommendation then turns to constructive fraud. Judge Dominguez Braswell notes that, beyond stating that they are victims of constructive fraud, "Plaintiffs do not provide an explanation or any supporting details for this allegation—let alone attempt to establish the elements of a constructive fraud claim in Colorado." [*Id.* at 11]. After outlining those elements, she recommends dismissing the Complaint to the extent it brings a claim for constructive fraud. [*Id.* at 12]. Finally, Judge Dominguez Braswell addresses Plaintiffs' several citations to the Uniform Commercial Code. Finding no support for the proposition that any provision cited by Plaintiffs creates a private right of action, or otherwise applies here, she recommends dismissing the Complaint "to the extent Plaintiffs' claim for monetary damages is based on their citations to the UCC." [*Id.* at 12–14]. With respect to the claims for constructive fraud and violations of the UCC, Judge Dominguez Braswell recommends dismissal without prejudice. [*Id.* at 14].

## II. Plaintiffs' Objection and Defendant's Response

The Objection appears to seek review of four parts of the Recommendation: (1) the general finding that the Complaint fails to state a claim for relief under Rule 12(b)(6), with respect to which Plaintiffs argue only that they "believe that they have complied" with applicable rules; (2) the conclusion that Plaintiffs have no right to rescind under TILA; (3) the determination that the FDCPA does not apply to NewRez; and (4) the recommended dismissal of the constructive fraud claim. [Doc. 30 at 1–2].

On TILA, Plaintiffs state that they "have indeed established their right to rescind," citing several cases without explaining how they undermine Judge Dominguez Braswell's conclusion regarding TILA's mortgage exclusion. *See* [*id.* at 2–4]. With respect to the FDCPA, Defendant attaches an FDCPA notice apparently provided to them by NewRez, which identifies NewRez as a "debt collector," to argue that the Recommendation erred by concluding NewRez is not a "debt

6

collector." [*Id.* at 4, 15]. Next, on constructive fraud, Plaintiffs seem to argue that the note was endorsed without their authorization, and outside their presence, which they view as "evidence that the mortgage was satisfied when Plaintiffs signed the note." [*Id.* at 4–5]. The rest of the Objection consists largely of extensive quotations of various provisions of the United States Code, reproduced without substantive argument.[1] *See* [*id.* at 5–12]. Plaintiffs conclude by reiterating their Objection to the Recommendation and asking that the Court permit them to amend the Complaint. *See* [*id.* at 12–13].

In its Response,[2] NewRez suggests that, procedurally, Plaintiffs' untimely objection deprives them of de novo review. *See* [Doc. 31 at 1–2]. On the merits, NewRez responds that the Recommendation is correct on the law with respect to all legal theories discussed, and argues that Plaintiffs make no persuasive arguments to the contrary. *See* [*id.* at 2–5]. On the issue of whether it qualifies as a "debt collector," NewRez specifically contends that the absence of allegations related to default defeats the FDCPA claim, adding that, to the extent the Court considers the letter attached to the Objection, "NewRez saying it is a 'debt collector' in an abundance of caution does not make it so or prevent it from denying it satisfies the statutory definition." [*Id.* at 4]. NewRez concludes by requesting that the Court deny leave to amend as futile. [*Id.* at 5].

---

[1] To the extent Plaintiffs cite portions of the criminal code, *see, e.g.*, [Doc. 30 at 8 (citing 18 U.S.C. § 656)], "courts universally endorse the principle that private citizens cannot prosecute criminal actions." *Higgins v. Neal*, 52 F.3d 337, *1 (10th Cir. 1995) (unpublished table decision) (citing cases); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

[2] In its Response to the Objection, NewRez repeatedly refers to Judge Dominguez Braswell and her Recommendation as "the magistrate" and "the magistrate's recommendation." *See generally* [Doc. 31]. The proper title is "Magistrate Judge." 28 U.S.C. § 631.

**III.   Discussion**

    **A.   Timeliness of Plaintiffs' Objection**

This Court first considers the timeliness of Plaintiffs' Objection. Both the relevant statute and the applicable Federal Rule of Civil Procedure provide that "within fourteen days after being served with a copy," any party may serve and file written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Service may be made by mailing a paper to a person's last known address—in which case service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Judge Dominguez Braswell issued the Recommendation in this action on July 27, 2023, and it was sent to Plaintiffs that same day by the Clerk of the Court. [Doc. 28; Doc. 29]. Thus, any objection to the Recommendation was due no later than August 14, 2023. *See* Fed. R. Civ. P. 6(d) (adding three days when service is made by mail).

Plaintiffs' Objection was filed on August 16, 2023. [Doc. 30]. But the envelope associated with the Objection bears a postmark of August 7, 2023. *See* [*id.* at 16]. And this Court notes that Plaintiffs are proceeding pro se. Under these circumstances, in the interest of justice, the Court accepts Plaintiffs' Objection as timely. *See Amaro v. N.M. Corr. Dep't*, No. 1:20-cv-01308-MV-LF, 2022 WL 1090601, at *1 n.1 (D.N.M. Apr. 12, 2022) (citing *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–200 (10th Cir. 2000) (noting that the firm waiver rule does not apply "when the interests of justice so dictate")). Accordingly, this Court will review the issues identified by Plaintiffs' Objection de novo.

    **B.   Rescission Under TILA**

The Court next considers whether the Recommendation properly concludes that Plaintiffs do not have a right to rescission of their residential home loan agreement under TILA. [Doc. 28

8

at 6–7]. In the Complaint, Plaintiffs aver that they signed a note for a home mortgage with Universal in April 2021. [Doc. 5 at ¶ 6]. They then allege that they received a Notice of Assignment, Sale or Transfer of Servicing Rights to NewRez dated June 2, 2021. [*Id.* at ¶ 12]. In their Objection, Plaintiffs cite a number of cases against mortgage companies but do not explain how this authority stands for the proposition that they may rescind their residential home loan. *See* [Doc. 30 at 2–4]. This Court respectfully agrees with the Recommendation that TILA expressly exempts residential mortgage transactions—defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"—from the right to rescission. *See* 15 U.S.C. § 1635(e)(1) (citing 15 U.S.C. § 1602(w)[3] for the definition of "residential mortgage transaction"). Thus, dismissal of Plaintiffs' TILA claim based on the unavailability of rescission is proper.

### C. FDCPA "Debt Collector" Status

Next, the Court examines whether Plaintiffs have sufficiently pleaded facts to permit a factfinder to conclude that NewRez is a debt collector. In their Objection, Plaintiffs do not address Judge Dominguez Braswell's analysis that NewRez cannot be a "debt collector" under the FDCPA because "a creditor, mortgage servicing company, or assignee of the debt is not a 'debt collector' under the FDCPA if the entity acquired the loan before it was in default." [Doc. 28 at 10 (quotation omitted)]. Plaintiffs' submission of Exhibit 1, which states "Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector," [Doc. 30 at 15], does not change this Court's analysis. Plaintiffs do not allege in their Complaint that their loan was in default at the time that it was assigned to

---

[3] Though 15 U.S.C. § 1635(e)(1) cites to 15 U.S.C. § 1602(w), the definition of "residential mortgage transaction" is now codified at 15 U.S.C. § 1602(x).

NewRez. *See generally* [Doc. 5]. Indeed, Plaintiffs never allege in the Complaint that their loan is in default at all. *See generally* [*id.*]. In fact, the documents attached by Plaintiffs to their Complaint demonstrate that NewRez obtained the loan effective July 1, 2021—the date of Plaintiffs' first monthly payment. [Doc. 5 at 24, 35]; *see Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) (explaining that on Rule 12(b)(6) motions to dismiss, a court "may consider, in addition to the complaint, documents incorporated by reference into the complaint . . . and documents the plaintiffs relied upon in bringing suit"). Accordingly, dismissal of the FDCPA claim is appropriate. *See Lyons v. WM Specialty Mortg. LLC*, No. 08-cv-00018-WYD-BNB, 2008 WL 2811810, at *7 (D. Colo. July 18, 2008).

### D.  Constructive Fraud

Finally, the Court reviews Judge Dominguez Braswell's Recommendation that Plaintiffs' claim for constructive fraud be dismissed for failure to adequately plead facts to establish a claim for constructive fraud. *See* [Doc. 28 at 11–12]. Plaintiffs' Objection does not address the authority set forth in the Recommendation. *See* [Doc. 30 at 4–5]. It is well-settled that to survive dismissal pursuant to Rule 12(b)(6), a plaintiff must offer more than labels or conclusions; it must plead sufficient factual matter, taken as true, to state a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Upon review of the Complaint, this Court respectfully concurs that Plaintiffs have failed to set forth sufficient facts to state a claim for constructive fraud and dismissal is proper.

### E.  Remainder of Recommendation

The Parties do not object to the balance of the Recommendation, in which Judge Dominguez Braswell concludes that any non-rescission TILA claims are time-barred, [Doc. 28 at 7–9]; and that Plaintiffs' citations to the Uniform Commercial Code fail to state a claim, [*id.* at

10

12–14].  In the absence of an objection, a district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers*, 927 F.2d at 1167; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[4]  Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.  Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.  Finding no clear error in these unchallenged aspects, the Court **ADOPTS** Judge Dominguez Braswell's Recommendation as to these issues.

F.     **Leave to Amend**

In their Objection, Plaintiffs request that the Court permit Plaintiffs to amend their Complaint "so that it can be brought into compliance and pursuant to Fed. R. Civ. P. 12(b)(6)" and point to their pro se status.  [Doc. 30 at 12–13 (capitalization altered)].  Defendant urges this Court to deny leave to amend, based on Plaintiffs' lack of conferral and any amendment being futile.  [Doc. 31 at 5].

Whether to allow amendment is within the trial court's discretion.  *See Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  Generally, however, dismissal of a pro se plaintiff's complaint for failure to state a claim should be without prejudice unless it would be futile to permit leave to amend.  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  Here, this Court agrees with the Recommendation that Plaintiffs' claims under TILA and the FDCPA

---

[4] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

11

should be dismissed with prejudice, without leave to amend. With respect to the remainder of Plaintiffs' claims, as to which Judge Dominguez Braswell recommends dismissal without prejudice, this Court cannot determine from the four corners of the Complaint that these claims are necessarily futile. But Plaintiffs have not filed a formal motion to amend, nor do they specifically describe the amendments they intend to propose within their Response in Opposition to Defendant's Motion to Dismiss, [Doc. 17], or the Objection, [Doc. 30]. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370–71 (10th Cir. 1989) (holding that a bare request "that leave be given to the Plaintiffs to amend their Complaint" is insufficient).

Accordingly, this Court **GRANTS** Plaintiffs up to and including **September 22, 2023**, to file a Motion for Leave to File an Amended Complaint, after robust conferral with Defendant. **Failure to do so may result in this Court terminating this case without further notice.**

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiffs [sic] Objection to the Magistrate Judge's Recommendation [Doc. 30] is **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Doc. 28] is **ADOPTED**;

(3) Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**;

(4) Plaintiffs' claims arising under the Truth in Lending Act and the Fair Debt Collection Practices Act are **DISMISSED with prejudice**;

(5) Plaintiffs' claims for constructive fraud and violations of the Uniform Commercial Code are **DISMISSED without prejudice**;

(6) Plaintiffs may **FILE** a Motion for Leave to File an Amended Complaint on or before **September 22, 2023**; and

(7) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

> Claudia S. and Genaro R. Roldan
> 1411 Rushmore Drive
> Colorado Springs, CO 80910

DATED: August 23, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge